IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIMI MA, <br>         Plaintiff, <br><br> v <br><br> WESTINGHOUSE ELECTRIC COMPANY, LLC, <br><br>         Defendant. | ) <br> ) <br> ) <br> )   2:11-cv-970 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM ORDER

Pending before the Court is the MOTION TO COMPEL DISCOVERY RESPONSES PURSUANT TO F.R.C.P. 37(a)(3)(B) (Document No. 36) filed by Plaintiff Mimi Ma ("Ma"). Defendant Westinghouse Electric Company, LLC ("Westinghouse") has filed a response in opposition to the motion and Ma has filed a reply brief. In addition, both parties have filed numerous exhibits in support of their respective positions, which reflect the discussions between counsel on the matters in dispute. The motion is ripe for disposition.

In this case, Ma asserts claims of religious and gender employment discrimination under Title VII and the Pennsylvania Human Relations Act ("PHRA"). The July 19, 2012 Case Management Order required fact discovery to be completed on or before October 26, 2012. On November 1, 2012, after the post-discovery status conference, the Court entered an Order which provided that "**currently scheduled *deposition* discovery** shall be completed on or before December 21, 2012." (Emphasis added).

On December 21, 2012, Plaintiff filed the instant motion to compel compliance by Westinghouse with interrogatories and document requests she had filed in March 2012. In essence, Plaintiff contends that Westinghouse did not produce the complete personnel files of

1

Michael Kaveney (supervisor/decision-maker), Bill Zuppinger (closest comparator), and Bob Rinsma (predecessor). Plaintiff asks the Court to compel complete responses and to require Westinghouse to provide a verification or affidavit of completeness.[1] In her reply brief, Plaintiff asks the Court to meet with the parties to review the documents previously produced by Westinghouse and to entertain oral argument.

In response, Westinghouse contends that it agreed to extend discovery solely to allow Plaintiff to take four depositions, and did not agree to participate in additional written discovery. Moreover, Westinghouse represents that the entire personnel files maintained by Human Resources for Kaveney and Zuppinger have been produced, along with additional unsigned performance evaluations which had not been placed in their personnel files.[2] As to Rinsma, Westinghouse states that the parties had not "met and conferred," but has represented that it will produce unsigned copies of his evaluations for 2006 and 2007. Westinghouse contends that any other discovery is overbroad, burdensome and unwarranted and seeks an award of the attorney fees it has incurred in responding to the motion.

The Court need not review documents or hear oral argument to resolve this motion. The discovery deadline expired in October 2012, and was extended only for the limited purpose of taking previously-scheduled depositions. The post-discovery status conference was conducted on November 1, 2012 and Plaintiff did not preserve the matters raised in the instant motion to compel. In short, the motion is untimely. *See, e.g., Frazier v. SCI Medical Dispensary Doctor ± 2 Staff Members*, 2009 WL 136724, at *2 (M.D. Pa. 2009) ("A motion to compel after the close of discovery is not timely and will be denied absent special circumstances.") In any event, the Court concludes that Westinghouse's discovery responses appear to have been reasonable and

---

[1] Plaintiff has not cited to any authority to support her request for an "affidavit of completeness," nor has the Court located any such authority in its independent research.

[2] Westinghouse explained that these documents were dated 2012 because that was when they were printed.

that the additional discovery sought by Plaintiff is unwarranted under the facts and circumstances of this case. To the extent that the performance reviews are otherwise relevant and admissible at trial, Plaintiff may seek to draw reasonable inferences from the apparent fact that they are unsigned and Defendant will have the opportunity to explain its position.

The Court will not award Defendant's request for counsel fees.

In accordance with the foregoing, the MOTION TO COMPEL DISCOVERY RESPONSES PURSUANT TO F.R.C.P. 37(a)(3)(B) (Document No. 36) filed by Plaintiff Mimi Ma is **DENIED**.

SO ORDERED this 16th day of January, 2013.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Jean E. Novak, Esquire**
Email: jnovak@smgglaw.com
**David A. Strassburger, Esquire**
Email: dstrassburger@smgglaw.com
**E. J. Strassburger, Esquire**
Email: ejstrass@smgglaw.com

**Shelly R. Pagac, Esquire**
Email: srp@pietragallo.com
**William Pietragallo , II, Esquire**
Email: wp@pietragallo.com